UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
JAN 23 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 19-154-S-KKC

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                       PLEA AGREEMENT

RICHARD LEE NICKERSON, JR.                                    DEFENDANT
aka BOOSIE

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the superseding indictment as to Counts 13 and 15, possession with intent to distribute marijuana, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1). The Defendant also agrees to forfeiture as outlined in the forfeiture allegation. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the original indictment as to this Defendant.

2. The essential elements of Counts 13 and 15 are as follows:

   (a) That the Defendant possessed with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and

   (b) That he did so knowingly and intentionally.

1

3. As to Counts 13 and 15, and the Defendant's relevant conduct, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On June 20, 2019, members of the Lexington Police Department's Narcotics Enforcement Unit were preparing to execute search warrants and arrest warrants in Fayette County. One of the target locations was the residence belonging to co-Defendants Martinus Shamar Watts and Sierra Green on Mooncoin Way. Prior to execution of the search warrant for this residence, officers were conducting surveillance. Co-Defendant Shamar Watts was seen exiting the residence by surveilling agents, and was observed entering into a 2013 Nissan Sentra and driving away from the residence. Officers also had a search warrant for this 2013 Nissan Sentra that was registered to co-Defendant Sierra Green. Uniformed officers in a marked cruiser conducted a traffic stop of Watts. Watts was arrested on unrelated warrants. The subsequent search of Watts and the vehicle incident to his arrest resulted in the seizure of approximately 31 grams of marijuana and 2 cellphones.

(b) Shortly after Watts was placed into custody, the Defendant arrived at the residence belonging to Watts and Green. Surveilling officers noted that the Defendant did not have anything in his hands upon his approach to the residence, and that he knocked on the door until he was let into the residence. Seconds after entering the residence, the Defendant was seen exiting with a black and white plastic bag in his possession. The Defendant got into the front passenger seat of a silver Subaru SUV, and the vehicle

2

departed from the residence. Officers conducted a traffic stop of the vehicle, and, upon contact with the vehicle and its occupants, smelled the odor of marijuana. A search of the vehicle led to the recovery of the black and white plastic bag seen in the Defendant's possession. The bag contained $67,150 in U.S. currency and approximately 18 ounces of marijuana. The Defendant admits that co-Defendant Martinus Shamar Watts called him on June 20, 2019, during the traffic stop by police, and requested that he go to the residence on Mooncoin Way to remove drugs and/or drug proceeds from the residence. The Defendant was charged with state offenses and soon thereafter was released on bond conditions.

(c) On September 5, 2019, the Defendant was charged in the original indictment herein. A warrant was issued for his arrest. On September 10, 2019, agents and officers located the Defendant near his residence on Rapid Run Drive in Fayette County. He was arrested, and the search of his person incident to his arrest located approximately one gram of suspected fentanyl. Officers then obtained a warrant to search his residence at Rapid Run Drive. The search led to the seizure of approximately 15 grams of fentanyl, approximately 2 grams of methamphetamine, 2 sets of digital scales, and other items indicative of trafficking in narcotics. The Defendant admits that he possessed the marijuana, fentanyl and methamphetamine with intent to distribute those drugs. The suspected controlled substances were sent to the Kentucky State Police Laboratory for testing. Lab testing revealed that the substances believed to contain fentanyl collectively weighed 14.359 grams, and contained fentanyl (a Schedule II controlled substance), or a

mixture of fentanyl and heroin (a Schedule I controlled substance). The suspected methamphetamine was confirmed to be 1.043 grams of a white crystalline solid containing methamphetamine, a Schedule II controlled substance. The total drug quantity attributable to the Defendant has a converted drug weight of 38 kilograms.

    4. The statutory punishment for Count 13 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not less than 2 years. The statutory punishment for Count 15 is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. A mandatory special assessment of $100 per count applies, and the Defendant will pay this $200.00 assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

    5. Pursuant to Rule 11(c) (1) (B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, Manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all of the facts set forth in paragraph three and in the discovery materials that have been provided.

    (c) Pursuant to U.S.S.G. § 2D1.1 (c) (12), the base offense level is 16 for a quantity of drugs with a converted drug weight of at least 20 kilograms but less than 40 kilograms.

(d) Pursuant to U.S.S.G. § 3C1.1, increase the offense level by 2 levels because the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct, or a closely related offense.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence within or below the applicable guidelines range as determined by this Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the indictment, that is, U.S. currency in the amounts of $67,150 and $2,885, and various firearms and ammunition. The Defendant agrees that there is a nexus between this property and the offenses to which he is pleading guilty, and he will execute any documents necessary for this forfeiture.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. Within 30 days from his guilty plea, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

6

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant acknowledges that he understands this Agreement, and that his entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 1/23/2020

By: _____
Gary Todd Bradbury
Assistant United States Attorney

Date: 10/16/20

_____
Richard Lee Nickerson, Jr.
Defendant

Date: 10/16/20

_____
H. Wayne Roberts
Attorney for Defendant

8