UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO.:19-CR-154-S-KKC-004

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                        **SENTENCING MEMORANDUM**

RICHARD LEE NICKEERSON JR.                                                  DEFENDANT

*******************

Comes now the Defendant, Richard Lee Nickerson Jr. (hereinafter, Defendant "Nickerson") by and through counsel, and for his Sentencing Memorandum states as follows:

## OFFENSE CONDUCT

The offense conducts as it applies to Defendant Nickerson is correctly stated in his Presentencing Report.

## ARGUMENT

The laws applying the Federal Sentencing Guidelines is now a discretionary matter for the courts. *United States v. Booker*, 543 U.S. 220 (2005). Sentences should now be fashioned upon the balancing of sentencing factors listed in 18 U.S.C. § 3535(a). Sentencing options available to district courts have significantly broadened following Booker and its progeny. *U.S. v Moon*, 513 F.3d 527, 541 (6th Circuit 2008).

In 18 U.S.C. Section 3553(c) it is stated as follows:

(a) The court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purpose set forth in paragraph (2) of this subsection.  The Court, in making its

determination of the particular sentence to be imposed, shall consider the following:

    (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

    (2) The need for the sentence imposed...

Moreover, 3553A, directs the court to fashion a sentence,

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense.

    (B) To afford adequate deterrence to criminal conduct.

    (C) To protect the public from further crimes of the defendant, and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

First the court considers the "nature and circumstances of the offense charged "which weigh in favor of detention. 18 U.S.C. section 3142 (g)(1) specifically direct the Courts to consider whether the charged offense "involves … a controlled substance." Defendant charge is aiding and abetting possession with intent to distribute less than 50 Kilograms of a mixture or substance Containing a Detectable Amount of Marijuana, a Schedule I Controlled Substance and Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl, a Schedule II Controlled Substance. It is important to note that at the time of sentencing the Defendant would have served approximately 386 days in Jail which is a significant amount of jail time. It is the undersign opinion that jail time is twice as hard as prison time.

Second the statute required the court to look at the need for the sentence imposed.

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide

just punishment for the offense. The Defendant is eligible for not less than one nor more than five (5) years supervised probation because the offenses are class D and C. felonies. Again, the Defendant has already served 386 days and if the Court impose a additional sentence of 48 months supervised probation (as opposed to more jail time)  than that would reflect the seriousness of the offense and promote respect for the Law. Furthermore, the cost of supervised probation ($4,472.00 annually) would be more cost efficient than imprisonment ($37,448.00 annually).  **See PSR, paragraph 79.** One of the following must be imposed as a condition of probation unless extraordinary circumstance exist: a fine, restitution or community service. The Defendant has no objection to a reasonable fine or community service. **See PSR, paragraph 73**. The sentence of combination of 386 days jail time and 48 months supervised probation would be

(B) adequate deterrence to any future criminal conduct on the part of the Defendant. and it would

(C) protect the public from further crimes of the defendant and

(D). The requested sentence would provide the Defendant with need correctional treatment in the most effective manner give the pandemic. Because of the pandemic the defendant has missed out on having a opportunity of getting into the 500 hour drug treatment program. The Defendant recalled participation in out-patient substance abuse treatment through KYDOC and expressed interest in receiving additional treatment in the future. The Defendant denied that marijuana use was a issue but the Defendant has smoked marijuana daily for years. Given Covid-19 pandemic Probation and Parole would be the most efficient and effective agency to provide for Defendants needs.  **See PSR paragraph 55 and 56.** What is available to the Defendant now are local drug rehab center that the Defendant can get into if order by probation

and parole after assessment. A review of the Defendant's PSR leave little doubt that his underlining problem is the use of drug which lead to drug trafficking to support his habit. The Defendant has experience several months of sobriety, but this need to be reinforced which could be provided by probation and parole.

The Defendant has accepted responsibility and know that he has made a serious error in judgement by engaging in this criminal activity and wants nothing more than to prove to this Court that he can be a good person and a productive citizen. A review of the Defendants' criminal history show that Defendant criminal issues derive from the fact that he is a drug addict.

It goes without saying that the purpose of sentencing is to impose a sentence sufficient but not greater than necessary, to accomplish the goals of 18 U.S.C. section 3553(a). It is the phase "not greater than necessary" that should be considered here. Under the guideline range Defendant is looking at sixty 37 months in prison. This would appear to define "greater than necessary." Defendant will acknowledge that a sentence within the Guideline range of 30 months to 37 months would also satisfy the "not greater than necessary" requirement. Although the Defendant cannot object to a Guideline sentence the Defendant is asking for a sentence of 48 months supervised probation. A sentence of 48 months supervised probation would reflect the seriousness of the offense, and it would promote respect for the law, and it would provide just punishment for the offense. In addition, it would afford adequate deterrence to criminal conduct.

Defendant have strong family support, but the Defendant need supervision that can be best provided by the office of probation and parole. Accordingly, a sentence of 48 months supervised probation would be sufficient but not greater than necessary to satisfy the factors in 3553(a). The Defendant want the Court to also know that he has a real fear of breaking the law or probation and returning to prison due to the pandemic. The Defendant is a African American

with asthma which make Covid-19 more dangerous to him if he get it. **See PSR paragraph 53.**

## CONCLUSION

For all the above stated reasons the Defendant respectfully requests this Court to have mercy and to impose a sentence of 48 months supervised probation.

Respectfully Submitted,

By: s/ H. Wayne Roberts
H. Wayne Roberts
3229 Polo Club Blvd.
Lexington, KY 40509
Phone: (859) 225-0062

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Sentence Memorandum was duly served via email to Hon. Gary Todd Bradbury Assistant U.S. Attorney 12th day of October 2020.

By: s/ H. Wayne Roberts
H. Wayne Roberts